THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRISTINA OCASIO,<br><br>Plaintiff,<br><br>v.<br><br>FLYING SOFTWARE LABS,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING ACTION<br>WITHOUT PREJUDICE**<br><br>Case No. 2:18-CV-93<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

    Plaintiff initiated this action under the Fair Labor Standards Act and state contract law on January 26, 2018. *See* Dkt. No. 2. On January 28, 2019, the court stayed the case based on Plaintiff's notice of bankruptcy. *See* Dkt. No. 31. On October 18, 2022, the court ordered Plaintiff "to file a status report regarding the status of the bankruptcy proceedings within fourteen days." *Id.* After Plaintiff failed to comply with that order, the court issued an order on November 22, 2002, requiring Plaintiff "to inform the court whether the automatic bankruptcy stay remains in effect, and, if so, whether the automatic stay prohibits this court from dismissing this action." Dkt. No. 32. The order also required Plaintiff "to show cause why this court should not dismiss this action for a failure to prosecute." *Id.* Plaintiff was ordered to respond no later than December 6, 2022. *See id.* The court warned that "[f]ailure to do so may result in dismissal of this action." *Id.* Plaintiff has not filed a brief or otherwise responded to the order to show cause. Indeed, she has not communicated with the court at all regarding this action since January 28, 2019—nearly four years ago.

    It is unclear whether the automatic bankruptcy stay has been lifted. But as relevant here, 11 U.S.C. § 362(a) prohibits "all entities" only from "the commencement or continuation . . . of a

judicial . . . action or proceeding against the debtor that arose before the commencement of the [bankruptcy]" or from taking "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate" of the debtor. 11 U.S.C. § 362(a)(1), (a)(3). Neither prohibition bars the court from dismissing Ms. Ocasio's action. "Because the lawsuit was brought *by* the debtor [Ocasio], not *against* [her], § 362(a)(1) is inapplicable" *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 96–97 (10th Cir. 2011) (unpublished) (citing *In re Bryner*, 425 B.R. 601, 606 (10th Cir. B.A.P. 2010) ("The automatic stay is inapplicable to suits by the debtor") (cleaned up)); *see also TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) (holding that section 362 "stay[s] all appeals in proceedings that were *originally brought against* the debtor") (cleaned up; emphasis added). Section 362(a)(3) is "also inapplicable, because an attempt to dismiss or defeat a debtor's lawsuit is not an act to obtain possession or exercise control over property of the debtor's estate." *Riviera Drilling & Expl. Co.*, 412 F. App'x at 96–97 (citing *In re Bryner*, 425 B.R. 601 at 606 (stating that when a lawsuit is initiated by the debtor, "subsection (a)(3) is no more applicable than (a)(1) is") (cleaned up)). The court accordingly concludes that even if the automatic bankruptcy stay remains in effect, the stay does not preclude dismissal of this action for failure to comply with the court's orders and for failure to prosecute.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have

inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff has disregarded both the order to inform the court of the status and effect of the automatic bankruptcy stay, as well as to show cause why this action should not be dismissed for failure to prosecute. And she has done so despite explicit warning that failure to comply with the court's order may result in dismissal of this action.

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that (a) Plaintiff has been afforded the opportunity to seek default judgment against Defendant, *see* Dkt. No. 25, (b) Plaintiffs has failed to respond to the court's order to inform the court of the status and effect of the bankruptcy stay and to show cause why this action should not be dismissed, and (c) the court warned that it may dismiss the action if Plaintiff did not respond.

In light of all of this, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; and (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 4th day of January 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge